**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| BRYAN WAGNER, | 3:11-cv-00537-ECR-RAM |
| Plaintiff, | |
| vs. | **Order** |
| WASHOE COUNTY HEALTH DISTRICT, WASHOE COUNTY, MARY ANDERSON, ROBERT SACK, and DAVE McNINCH, | |
| Defendants. | |

On July 26, 2011, Plaintiff Bryan Wagner filed a complaint alleging age discrimination and retaliation against Defendants. On August 31, 2011, Defendants Washoe County Health District, Mary Anderson, Robert Sack, and Dave McNinch filed a Motion to Dismiss (#7). On November 21, 2011, Defendant Washoe County joined (#14) in the Motion to Dismiss (#7). On September 29, 2011, after a stipulated extension of time to respond, Plaintiff filed his opposition (#11) to the Motion (#7). On October 7, 2011, Defendants filed a reply (#12).

Plaintiff's complaint alleges age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff alleges that he was hired by Washoe County Health District in 1994, and was harassed and discriminated against due to his age in 2009. The ADEA's provisions are limited

1  to individuals over the age of forty (40).  29 U.S.C. § 631(a).
2  Plaintiff failed to allege that he is over forty, and his opposition
3  (#11) does not address this oversight.  As such, Plaintiff's
4  complaint (#1) fails to sufficiently allege age discrimination under
5  the ADEA.  Plaintiff will be granted leave to amend, and should
6  provide more specific factual allegations relating to his
7  discrimination and retaliation claims.

8       Defendants also contest the inclusion of Washoe County Health
9  District as a defendant in this action.  Under Nevada law, an action
10 may be brought against "the State of Nevada or any political
11 subdivision of the state."  NEV. REV. STAT. § 41.031(2). In <u>Wayment v.
12 Holmes</u>, the Nevada Supreme Court found that the Washoe County
13 District Attorney's Office "is not a suable entity because it is a
14 department of Washoe County, not a political subdivision."  912 P.2d
15 816, 819 (Nev. 1996).  "The State of Nevada has not waived immunity
16 on behalf of its departments of political subdivisions."  <u>Id.</u>  As
17 such, the Washoe County Health District must be dismissed from this
18 action.

19      Finally, Defendants argue that the individual defendants in
20 this case must be dismissed, as there is no individual liability
21 under the ADEA.  <u>Miller v. Maxwell's Intern. Inc.</u>, 991 F.2d 583,
22 587-88 (9th Cir. 1993).  Plaintiff "concedes Miller is the precedent
23 in the 9th Circuit" although Plaintiff urges this Court to hold that
24 <u>Miller</u> is incorrect.  <u>Miller</u> is binding precedent on this Court, and
25 furthermore, other courts, both at the district court level and at
26 the circuit level, have cited <u>Miller</u> with approval.  See, e.g.,
27 <u>Fantini v. Salem State College</u>, 557 F.3d 22, 30 (1st Cir. 2009)
28

("[a]fter reviewing the analysis fashioned by all of our sister circuits, we . . . determine as they have that there is no individual employee liability under Title VII"); Lam v. San Francisco, No. C 08-4702 PJH, 2010 WL 235081, at *9 (N.D. Cal. Jan. 21, 2010) ("the Ninth Circuit has made clear that 'Title VII . . . limit[s] civil liability to the employer.'") (citation omitted).  As such, the individual defendants in this case must be dismissed.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#7) is **GRANTED**.  Defendants Washoe County Health District, Mary Anderson, Robert Sack, and Dave McNinch are not proper defendants to this case and are dismissed from the action. Furthermore, Plaintiff's claims against Washoe County must be dismissed for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days within which to file an amended complaint addressing the deficiencies noted in our Order.

DATED: March __30__, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

3