**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BRYAN WAGNER, | 3:11-cv-00537-ECR-RAM |
| Plaintiff, | |
| vs. | **Order** |
| WASHOE COUNTY, | |
| Defendant. | |

## I. Background

On July 26, 2011, Plaintiff Bryan Wagner filed a complaint alleging age discrimination and retaliation. On March 30, 2012, the Court dismissed (#16) Plaintiff's complaint and granted leave to amend. On April 24, 2012, Plaintiff filed an amended complaint (#19). On May 7, 2012, Defendant Washoe County filed a second motion to dismiss (#21), claiming that the amended complaint (#19) must be dismissed for failure to state a claim upon which relief may be granted.

The facts as alleged in the amended complaint (#19) are as follows. Plaintiff was born on November 8, 1954. (Am. Compl. ¶ 4.) Plaintiff was hired in 1994 by Defendant Washoe County. (Id. ¶ 5.) In 2009, Plaintiff was assigned to an increasing number of menial tasks in comparison to younger workers. (Id. ¶ 6.) Plaintiff's projects were ignored in favor of younger employees' projects, and

Plaintiff was subjected to different terms and conditions of employment than younger employees. (Id.)  In December 2009, Plaintiff was passed over for promotion as a result of his age; although Plaintiff had a longer total time in service, a superior educational background, and higher overall qualifications, a younger, less qualified candidate was selected for promotion. (Id. ¶ 7.)  In addition, Plaintiff alleges that Washoe County follows a standard custom and pattern of discriminating and harassing older employees; for example, the Division Director of Environmental Health directed another older employee to retire to make room for a younger employee. (Id. ¶ 8.)

Plaintiff also alleges that he was retaliated against due to his complaints concerning the alleged age discrimination.  In March 17, 2010, Plaintiff was subjected to an investigation as a result of Plaintiff's formal complaint concerning age discrimination. (Id. ¶ 19.)  Plaintiff was issued a letter of reprimand which was later rescinded on appeal and replaced by a letter of expectations. (Id.)  Plaintiff also alleges that his friends at Washoe County were threatened by supervisors due to their friendship with him. (Id. ¶ 20.)  Plaintiff also alleges that he was repeatedly criticized and harassed as retaliation against his age discrimination claim. (Id. ¶¶ 22-27.)

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat

3

the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

///
///
///

4

## III. Discussion

### A. Age Discrimination Claim

Washoe County claims that the age discrimination claim must be dismissed because the amended complaint (#19) includes only legal conclusions and not factual allegations. We disagree. The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a prima facie case of age discrimination, a plaintiff must demonstrate that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. See Diaz v, Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).

We disagree with Washoe County's contention that the amended complaint (#19) contains insufficient factual allegations to support an age discrimination claim. The amended complaint (#19) clearly sets forth Plaintiff's age, over forty, and multiple specific allegations of age discrimination. For example, Plaintiff alleges that he was passed over for promotion in December 2009 in favor of a younger, less qualified candidate. (Am. Compl. ¶ 7 (#19).) We believe that the allegations in the amended complaint (#19) are sufficient to survive a motion to dismiss.

///

///

**B. Retaliation Claim**

Washoe County claims that the retaliation claim must be dismissed because any suggestion of retaliation is purely speculative. We disagree that Plaintiff has failed to provide specific factual allegations relating to his retaliation claim, as the amended complaint (#19) sets forth in great detail allegations of retaliation.

However, Washoe County's argument that the alleged acts of retaliation do not rise to the level of adverse employment action merits consideration.[1] A plaintiff may establish a prima facie case of retaliation by showing that "(1) he engaged or was engaging in activity protected under Title VII, (2) the employer subjected him to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987). In Yartzoff, the Ninth Circuit noted that "[t]ransfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions.'" Id. at 1376. Plaintiff alleges, *inter alia*, that he was subjected to an internal investigation that resulted in an undeserved letter of reprimand following his formal complaint of age discrimination. While not all of Plaintiff's extensive allegations concerning retaliation may rise to the level of adverse employment

---

[1] The Court notes that Washoe County made this argument in its reply, thereby preventing Plaintiff from responding to the argument. While the Court does not approve of such tactics or oversights in the initial motion to dismiss, the Court shall consider this argument as it fairly characterizes a possible deficiency in the retaliation claim.

6

actions, we find that Plaintiff has alleged facts sufficient to support a claim of retaliation.

## IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's second motion to dismiss (#21) is **DENIED**.

DATED: September 25, 2012.

_____
UNITED STATES DISTRICT JUDGE